**[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 324.]**

AKRON BAR ASSOCIATION *v.* MEYER.

**[Cite as *Akron Bar Assn. v. Meyer*, 1999-Ohio-3.]**

*Attorneys at law—Misconduct—Two-year suspension with second year stayed—*

*Plea of guilty to grand theft and trafficking in food stamps.*

(No. 99-1574—Submitted October 12, 1999—Decided December 15, 1999.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and

Discipline of the Supreme Court, No. 98-46.

—————————

{¶ 1} In 1996, respondent, Paul E. Meyer of Peninsula, Ohio, Attorney Registration No. 0050292, was indicted by a grand jury on one count of grand theft and one count of trafficking in food stamps. Respondent had applied for and received over $23,000 in public assistance, including food stamps, for which he was not eligible. In 1997, respondent pled guilty to the charges, and he received treatment in lieu of conviction after the common pleas court determined, among other things, that his drug dependence was a factor leading to his criminal charges. Respondent repaid the money to the Ohio Department of Human Services.

{¶ 2} On August 10, 1998, relator, Akron Bar Association, filed a complaint charging respondent with violating several Disciplinary Rules. The matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") based on the agreed stipulations of the parties and the evidence introduced at the hearing.

{¶ 3} The panel found the facts as previously set forth and, in accordance with the parties' stipulations, concluded that respondent's conduct violated DR 1-102(A)(3) (engaging in illegal conduct involving moral turpitude), 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and

1-102(A)(6) (engaging in conduct adversely reflecting on lawyer's fitness to practice law).

{¶ 4} In mitigation, the panel found that respondent's misconduct was caused by his addiction to alcohol and marijuana, that he had been in remission from his addictions since 1997, and that he regularly attends Alcoholics Anonymous meetings. The panel further found that no client had ever been harmed by respondent's conduct.

{¶ 5} The panel recommended that respondent be suspended from the practice of law in Ohio for two years, with the second year stayed and monitoring for both years by relator and the Ohio Lawyers Assistance Program. The board adopted the findings, conclusions, and recommendation of the panel.

_____

*Stephen A. Fallis*, *Joseph S. Kodish* and *James Whited*, for relator.
*John A. Casalinuovo*, for respondent.

_____

***Per Curiam.***

{¶ 6} We adopt the findings, conclusions, and recommendation of the board. A definite suspension from the practice of law with a portion of the suspension stayed is an appropriate sanction for respondent's misconduct, as mitigated by respondent's sincere efforts to treat his substance-abuse addictions and his complete restitution of the public assistance he illegally obtained. See, *e.g.*, *Disciplinary Counsel v. Carter* (1994), 68 Ohio St.3d 568, 629 N.E.2d 430; *Disciplinary Counsel v. McElrath* (1994), 71 Ohio St.3d 131, 642 N.E.2d 370; *Akron Bar Assn. v. Bonetti* (1996), 74 Ohio St.3d 204, 658 N.E.2d 250, all cases in which respondents received treatment for substance-abuse dependency in lieu of conviction. Although not explicit in the board's findings, there is testimony in the record that respondent and his family did qualify initially for public assistance when respondent first applied for it (after moving his family back to Ohio in 1993

following his loss of employment in North Carolina) and that respondent repaid all of the public assistance he had received, even the amounts for which he arguably had qualified. Accordingly, respondent is hereby suspended from the practice of law in Ohio for two years, with the second year of the suspension stayed, and respondent is to be monitored by relator and the Ohio Lawyers Assistance Program for both years. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————